UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **KAREN A. PULKKINEN,**           )<br>                                                        )<br>          **PLAINTIFF**               )<br>                                                        )<br>**v.**                                                )          **CIVIL NO. 09-99-P-H**<br>                                                        )<br>**FAIRPOINT COMMUNICATIONS,** )<br>**INC.** AND **VERIZON NEW**        )<br>**ENGLAND, INC.,**                     )<br>                                                        )<br>          **DEFENDANTS**          ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

Upon de novo review, I **ADOPT** the Recommended Decision of the Magistrate Judge. I realize that the defendant Verizon New England believes that the Magistrate Judge misconstrued its argument. It says that it is not seeking to use collateral estoppel from previous arbitration decisions to establish whether it violated statutory law, but only to establish certain facts from the previous arbitration proceedings (and then argue here that the law requires judgment in its favor given those facts). Nevertheless, the Supreme Court has not disavowed its statement in Alexander v. Gardner-Denver Company, 415 U.S. 36 (1974), that "[t]he arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate," id. at 60.[1] (Verizon recognizes this statement in its Objection and Incorporated

---

[1] 14 Penn Plaza, LLC v. Pyett, 129 S. Ct. 1456 (2009), does not disavow the statement.

Memorandum of Law at 7 (Docket Item 52).)  Since "weight" of the evidence is involved, a motion for judgment on the pleadings is not the proper vehicle by which to test the effect of the previous arbitral awards.

The motion for judgment on the pleadings is **DENIED**.

**SO ORDERED.**

**DATED THIS 21ST DAY OF APRIL, 2010**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**
